MEMORANDUM **
Alejandro Hernandez, a native and citizen of Mexico, petitions for review of the Department of Homeland Security’s order reinstating his 1997 expedited removal order under 8 U.S.C. § 1231(a)(5). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.
Hernandez’s contention that the reinstatement regulation violates due process because it does not provide for reliable, published procedures is foreclosed by Morales-Izquierdo v. Gonzales, 486 F.3d 484, 495-96 (9th Cir.2007) (en banc) (regulation implementing the reinstatement statute is a valid interpretation of the Immigration and Nationality Act and does not offend due process). Hernandez’s contention that he was improperly deprived of counsel is also foreclosed. Id. at 497 (no right to counsel in reinstatement proceedings).
Contrary to Hernandez’s contention, the immigration officer did not err when he verified Hernandez’s illegal re-entry using Hernandez’s sworn statements. See 8 C.F.R. § 241.8(a)(3) (when determining illegal re-entry, “the officer shall consider all relevant evidence, including statements made by the alien and any evidence in the alien’s possession”). Hernandez therefore cannot show that his right to due process was violated. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, petitioner must demonstrate error and substantial prejudice).
Hernandez’s remaining contentions are foreclosed by Gonzales v. DHS, 508 F.3d 1227, 1242-43 (9th Cir.2007) (vacating the district court’s injunction and overruling Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir.2004)).
Hernandez’s request that we consider extra-record evidence is denied.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.